# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
CAROLYN WALL and STEPHEN        *
WALL, on behalf of their minor  *
Child, G.W.,                    *
                                *
                                *       No. 17-583V
                                *       Special Master Christian J. Moran
              Petitioners,      *
v.                              *
                                *       Filed: December 17, 2019
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *       Attorneys' fees and costs, interim
              Respondent.       *       award
* * * * * * * * * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner;
Mallori B. Openchowski, United States Dep't of Justice, Washington, D.C., for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

On May 1, 2017, Carolyn and Stephen Wall ("Petitioners"), on behalf of their minor child G.W., filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012). Petitioners claim that G.W. suffered from postural orthostatic tachycardia syndrome ("POTS"), after receiving the human papillomavirus ("HPV") vaccine on September 25, 2015, and that this condition worsened after she received the influenza ("flu") vaccine on December 28, 2015. Pet., filed May 1, 2017, at 1-2; 5, ¶ 15. Petitioners' counsel of record is Mr. Andrew Downing.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On August 24, 2017, the Secretary argued that compensation was not appropriate because petitioners failed to establish a diagnosis of POTS; have not offered a viable scientific or medical theory establishing that the vaccines she received can cause or significantly aggravate POTS; and have not presented viable scientific or medical evidence to show an onset that would allow for an inference of causation-in-fact. Resp't's Rep. at 11-12. The Secretary also argued that petitioners failed to provide a report of a medical expert to support their claim. Id. at 12.

To develop their case, petitioners filed an expert reports from Dr. Mitchell Miglis and Dr. Lawrence Steinman. Exhibits 29, 41, 45. In rebuttal, the Secretary filed reports from two experts, Dr. Jeffrey Boris and Dr. Andrew MacGinnitie. Exhibits A, C.

On August 30, 2019, petitioners moved for an award of attorneys' fees and costs on an interim basis, requesting $36,066.50 in fees and $10,135.22 in costs, for a total of $46,201.72. Pet'rs' Mot. IAFC at 5. **For the reasons that follow, petitioner is awarded $45,030.72.**

\* \* \*

The requested fees include work performed and costs incurred as of August 30, 2019, when petitioners filed their motion. Petitioners argue that an award of interim fees and costs is appropriate in this case because: petitioners' submissions of expert reports satisfy the reasonable basis requirement, Pet'rs' Mot. IAFC at 2, and it will likely be a significant time period before the case concludes given that a hearing will likely not occur for at least a year and no progress toward settlement has occurred. Id.

The Secretary filed his response to petitioner's motion on September 13, 2019. Resp't's Resp. The Secretary did not provide any objection to petitioner's request. Id. Instead, he stated that he "recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

This matter is now ripe for adjudication.

\* \* \*

Petitioners' motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether petitioners are eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioners should be awarded their attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera, 515 F.3d at 1352. Since petitioners have not received compensation from the Program, they may be awarded "compensation to cover [their] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioners brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, the reports from the experts petitioners have retained, Dr. Miglis and Dr. Steinman, satisfy the reasonable basis standard. See Exhibits 29, 41, 45.

3

These reports, combined with petitioners' medical records, establish a theory of causation and provide a reasonable basis sufficient for the attorneys' fees and costs determination.

### 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioners must demonstrate "undue hardship."  Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding."  In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months.  Petitioners clear both hurdles.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

   A.  Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  See Blum, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Id. at 895, n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at

1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall."  Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[2]

Petitioners states that "[t]he rates charged by counsel and staff are well within the parameters established by McCulloch" and are therefore reasonable.  Pet'rs' Mot. IAFC at 4.  The Secretary does not dispute petitioner's counsel's entitlement to forum rates.  Given Mr. Downing's level of experience, the undersigned finds these rates to be reasonable.  Mr. Downing's rates, as well as the rates of Ms. Van Cott and paralegals assisting with the case, are in line with the forum hourly rate fee schedule and therefore reasonable.

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

Mr. Downing's time entries provide detail to assess reasonableness.  Generally, Mr. Downing and his associates assisting on the case appropriately did not request compensation for administrative tasks, which are not compensable.  Thus, the undersigned finds Mr. Downing's number of hours expended to be reasonable.  However, the undersigned did note some either ambiguous or purely administrative tasks listed, and adjusted the calculation of fees for these items, eliminating compensation for entries or portions of entries that consisted of purely

---

[2] The 2015–2016, 2017, 2018, and 2019 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

administrative work or that were ambiguous. The undersigned finds that this total reduction amounts to $1,171.00.

Accordingly, taking this fees reduction into account, petitioners are awarded attorneys' fees in the amount of $34,895.50.

C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners requested $10,135.22 in attorneys' costs, consisting of acquiring medical records, paying the court filing fee, postage, and acquiring and compensating for the services of two experts. See Pet'rs' Mot. IAFC, Exhibit A at 39-41; see also Pet'rs' Mot. IAFC at 3. For the non-expert-related costs, the undersigned finds that petitioner has provided adequate documentation for these costs and will award them in full.

For the expert-related costs, petitioner has requested compensation for the expert fees of Dr. Miglis and Dr. Steinman. Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017). A reasonable hourly rate for an expert depends, in part, on the quality of the expert's work. Sabella v. Sec'y of Dep't of Health & Human Servs., 86 Fed. Cl. 201, 218-25 (2009). Dr. Miglis billed 10.5 hours at a rate of $500 per hour for the preparation of his expert report and supplemental expert report, for a total of $5,250. Pet'rs' Mot. IAFC, Exhibit A at 58-59, 61.[3] Dr. Miglis is a board-certified neurologist and autonomic specialist with extensive experience. See Exhibit 30; Pet'rs' Mot. IAFC at 4-5. His expertise was relevant to petitioners' claim, and he provided a thorough expert report and supplemental expert report, including detailed responses to respondent's experts. See generally Exhibits 29, 41. Therefore, the undersigned finds Dr. Miglis's rate of $500 per hour reasonable.

Dr. Steinman billed 7.75 hours at a rate of $500 per hour for the preparation of his expert report, for a total of $3,875.00. Pet'rs' Mot. IAFC, Exhibit A at 62. Dr. Steinman has been a board-certified neurologist since 1984 and specializes in

---

[3] The invoice from Dr. Miglis lacks detail. However, the invoice from Dr. Steinman provides some indirect support for the number of hours Dr. Miglis has claimed. Nevertheless, counsel is expected to inform Dr. Miglis to provide more information in his invoices.

neuroimmunology.  <u>See</u> Pet'rs' Mot. IAFC at 5; exhibit 46.  This expertise was relevant to petitioners' claim and Dr. Steinman, like Dr. Miglis, provided a thorough expert report that shed light on relevant issues in the case.  <u>See generally</u> Exhibit 45.  Therefore, the undersigned finds Dr. Steinman's rate of $500 per hour reasonable as well.

In sum, petitioner is awarded attorneys' costs in the amount of $10,135.22.

*   *   *

Accordingly, petitioner is awarded:

**A lump sum of $45,030.72 in the form of a check made payable to petitioner and petitioner's attorney, Andrew D. Downing.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).