# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
CAROLYN and STEPHEN WALL,           *
on behalf of their minor child, G.W., *
                                    *      No. 17-583V
            Petitioners,            *
                                    *      Special Master Christian J. Moran
                                    *
v.                                  *
                                    *
                                    *      Filed: August 19, 2020
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *      Entitlement; dismissal.
                                    *
            Respondent.             *
* * * * * * * * * * * * * * * * * * *
```

<u>Andrew D. Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioners; <u>Mallori B. Openchowski</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

     Carolyn and Stephen Wall alleged that the human papillomavirus ("HPV") their child, G.W., received on September 25, 2015, caused her to develop postural tachycardia syndrome ("POTS"), which was then worsened by the influenza ("flu") vaccination she received on December 28, 2015. Pet., filed May 1, 2017, at Preamble; ¶¶ 23, 27. On July 29, 2020, Mr. and Mrs. Wall moved for a decision dismissing their petition.

### I.    Procedural History

     Carolyn and Stephen Wall ("petitioners") filed a petition on behalf of their child, G.W., on May 1, 2017. After petitioners filed their initial medical records,

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

the Secretary filed his Rule 4(c) report on August 24, 2017, contesting entitlement. A status conference was then held on August 31, 2017, during which an onset dispute was identified. Petitioners were then ordered to file an onset affidavit, as well as additional medical and school records.

After additional records were filed, petitioners filed expert reports supporting their claim from Dr. Miglis and Dr. Steinman. In response, the Secretary filed expert reports from Dr. Boris and Dr. MacGinnitie. Petitioner then filed a statement from G.W.'s treating physician, Dr. Luther, and a supplemental expert report from Dr. Miglis. The expert report phase of the case concluded with supplemental expert reports from Dr. Boris and Dr. MacGinnitie filed by the Secretary.

The undersigned then issued an order for briefs in advance of potential adjudication on June 11, 2020, which was then reviewed in a status conference held on June 30, 2020. On July 29, 2020, petitioners moved for a decision dismissing their petition, stating that, in light of litigation currently being initiated against Merck involving injuries to Gardasil vaccine recipients, petitioners "wish to pursue a third party action in district court against Merck directly." Pet'rs' Mot., filed July 29, 2020, ¶ 3. Petitioners add that "[t]his choice should not be viewed in any way that Petitioners do not believe in the merits of their claim," but that they wish to have a judgment entered against them so that they may pursue a separate civil action. Id. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioners filed medical records and expert reports in support of their claim, but nonetheless, wish to have their claim dismissed and judgment entered against them. Though petitioners filed this motion pursuant to 42 U.S.C.

§ 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioners' clear intent that a judgment issue in this case, protecting their right to file a civil action in the future.  See Pet'rs' Mot., filed July 29, 2020, ¶ 4.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that G.W. suffered from POTS.  Without a showing that the vaccinee suffered the injury that the vaccine allegedly caused, the remainder of the case becomes moot.  See Broekelschen v. Sec'y of Health and Human Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010).  Accordingly, the undersigned is not required to evaluate whether the HPV vaccine can cause POTS.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

                                                s/Christian J. Moran
                                                Christian J. Moran
                                                Special Master